[615 NYS2d 442]

In the Matter of Scott Steven Posner, a Suspended Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, August 1, 1994

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* and *Diana J. Szochet* of counsel), for petitioner.

*Sarah Diane McShea,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained the three allegations of professional misconduct against the respondent. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to confirm the Special Referee's report, and for the imposition of a public censure upon him as the appropriate penalty in this matter, and for his reinstatement to the practice of law.

The three charges of professional misconduct against the respondent are predicated upon the respondent's failure to cooperate with a legitimate investigation of the Grievance Committee. On August 4, 1992, the petitioner sent the respondent a letter and furnished him with a copy of a complaint against him received from Ralph Roberts. The petitioner requests a written answer to the complaint within 10 days and informed the respondent that an unexcused failure to reply constituted professional misconduct independent of the merits of the complaint. The respondent requested an adjournment but failed to submit an answer.

The petitioner sent the respondent a followup letter on October 9, 1992, again requesting a written answer within 10 days, and informed the respondent that his failure to cooperate might prompt an application, pursuant to 22 NYCRR 691.4 *(l)*, for his immediate suspension. The respondent again failed to reply.

On August 3, 1992, the petitioner sent the respondent a letter informing him that a *sua sponte* complaint had been commenced against him based upon his failure to maintain proper registration with the Office of Court Administration. The petitioner directed the respondent to submit a written answer, including proof that he had complied with the registration requirements, within 30 days. The respondent was again advised that his unexcused failure to comply with said request constitutes professional misconduct independent of the merits. The respondent again failed to reply.

By letter dated December 28, 1992, the petitioner informed the respondent that it had commenced a *sua sponte* investigation into his alleged failure to cooperate with the Grievance Committee's investigation of the Roberts complaint as well as the respondent's alleged failure to maintain proper registra-

tion with the Office of Court Administration. The letter apprised the respondent that telephone messages left for him on November 23 and November 24, 1992 were not returned. The respondent again failed to respond.

In a followup letter, dated March 17, 1993, the Grievance Committee demanded the respondent's answer within 10 days. The letter further apprised the respondent that his continued failure to cooperate might result in a motion for his immediate suspension. Once again, the respondent failed to respond.

After reviewing all of the evidence adduced, we find that the respondent is guilty of conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NCYRR 1200.3 [a] [5]), and conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) [now (8)] (22 NYCRR 1200.3 [a] [7]). Accordingly, Charges One and Two were properly sustained by the Special Referee. The petitioner's motion and the respondent's cross motion are granted to that extent.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigating circumstances advanced by the respondent, including his previously unblemished record and his full cooperation during the hearing. We note, however, that although the Court was not misled by the respondent's efforts to obstruct the Grievance Committee's motion for his interim suspension, this does not excuse the respondent's lack of candor or the misstatements in his opposition to the motion to suspend him.

Under the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and COPERTINO, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm the report of the Special Referee are granted to the extent that Charges One and Two are sustained and the motion and cross motion are otherwise denied; and it is further,

Ordered that the respondent, Scott Steven Posner, is suspended from the practice of law for a period of one year, effective immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory

proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Scott Steven Posner, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law. [As amended by unpublished order entered Sept. 15, 1994.]